UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

FRANK WOHLERS and
JANET WOHLERS,

        Plaintiffs,

v.

DEUTSCHE BANK NATIONAL TRUST
COMPANY and OCWEN LOAN
SERVICING, LLC,

        Defendants.

Case No. 3:18-cv-2632-BRM-TJB

OPINION

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendants' Deutsche Bank National Trust Company ("Deutsche") and Ocwen Loan Servicing, LLC's ("Ocwen") (collectively, "Defendants") Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim. (ECF No. 20.) Plaintiffs Frank Wohlers and Janet Wohlers ("Plaintiffs") oppose the Motion. (ECF No. 23.) Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) is **GRANTED** and the claims against them are **DISMISSED**.

**I.    BACKGROUND**

Plaintiffs' Amended Complaint is disorganized, unintelligible, and replete with bald assertions that are implausible. In fact, the Amended Complaint alleges claims against Defendants not a part of this suit, such as a defendant "WFB", (*see* ECF No. 19 at Counts One (RICO Violations), Three (FDCPA), Eleven (Civil Conspiracy), Twelve (Unlawful Conversion), and

Fifteen (Violation of TILA and RESPA)), and references claims brought by a plaintiff "Drake," also not a party to this matter (*see id.* Counts Two (violation of the NJCFA), Twelve (Unlawful Conversion), Fourteen (Defamation), and Fifteen (violation of TILA and RESPA).) Because the Amended Complaint is incoherent, and Plaintiffs' opposition to the Motion to Dismiss is no better, the Court draws majority of the facts from Plaintiffs' exhibits attached to its original Complaint and Defendants attachments that are "*integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997).

### A. The Loan

On May 2, 2005, Plaintiffs obtained a $1,627,500 loan (the "Loan") from American Home Acceptance Inc. ("American Home") for the purchase of 127 Hope Road, Blairstown, New Jersey. (Ex. B to ECF No. 1-2 at 12 and ECF No. 19 ¶¶ 6-7.) The Loan is evidenced by a Note and secured by a Mortgage executed in favor of Mortgage Electronic Registration Systems Inc., as nominee for American Home. (*Id.* and ECF No. 20-5 at 45 ¶ 2.) On May 17, 2005, the Mortgage was recorded in Warren County. (ECF No. ECF No. 1-5.) Pursuant to the Note, Plaintiffs were to make monthly installments of $5,616.83 until May 1, 2035. (ECF No. 1-2 at 45.) On July 26, 2012, American Home assigned the Mortgage to Deutsche. (ECF No. 19 ¶ 6 and ECF No. 20-5 at 33.) The assignment was recorded in Warren County on August 10, 2010. (Ex. I to ECF No. 20-5 at 107.)

### B. The Foreclosure Action

On February 1, 2012, Plaintiffs failed to make their monthly payment, thereby defaulting on the Loan. (Exs. D and E to ECF No. 20-5 ¶ 6.) Therefore, Deutsche filed a foreclosure complaint against Plaintiffs on February 7, 2013, in the Superior Court of New Jersey (the "Superior Court"), Chancery Division, Warren County (the "Foreclosure Action"). (Ex. D to ECF No. 20-5.) On

March 18, 2013, Plaintiffs filed an Answer. (Ex. E to ECF No. 20-5.) On September 24, 2014, the parties entered a Consent Order whereby Plaintiffs voluntarily withdrew their Answer, affirmative defenses, and any counterclaims to apply for the foreclosure mediation program. (Ex. F. to ECF No. 20-5.) The case did not resolve in mediation, therefore, on December 9, 2015, Deutsche moved for final judgment. (Ex. G to ECF No. 20-5.) On September 24, 2014, after obtaining new counsel, Plaintiffs moved to vacate the Consent Order. (Ex. H to ECF No. 20-5.) Deutsche withdrew their application for final judgment on March 4, 2016. (Ex. I to ECF No. 20-5.)

On February 5, 2016, the Superior Court entered default judgment in favor of Deutsche. (Ex. G to ECF No. 20-5.) On May 26, 2016, the Superior Court denied Plaintiffs' motion to vacate the Consent Order. (*Id.*) Therefore, Deutsche moved for a final judgment of foreclosure, which was granted on September 23, 2016. (Ex. I to ECF No. 20-5.) Plaintiffs did not oppose the entry of final judgment. (*Id.*)

On October 12, 2016, Plaintiffs filed a second motion to vacate the Superior Court's: (1) September 24, 2014 Consent Order; (2) May 26, 2016 Order; and September 23, 2016 Final Judgment. (Ex. J to ECF No. 20-5.) The Superior Court denied that motion on January 12, 2017. (*Id.*) On May 1, 2017, Plaintiffs filed a third motion to vacate the above, which the Superior Court again denied on July 5, 2017. (Ex. K to ECF No. 20-5.)

On September 28, 2017, Plaintiffs filed a letter notice objecting to the venue of the Foreclosure Action, which the Superior Court denied on September 29, 2017, stating:

> In response to your letter of September 28, 2017, venue of your case was not changed to Somerset County. I am the judge who hears foreclosure matters for all counties in this Vicinage meaning Warren, Somerset and Hunterdon Counties, and while I sit in Somerset County, that does not mean that venue for the case has changed. Your Order is not void. Be advised accordingly.

3

(Ex. L to ECF No. 20-5.)

**C. This Action**

On February 22, 2018, Plaintiffs filed this action. (ECF No. 1.) On February 26, 2018, Plaintiffs sought to stay the sheriff's sale in Superior Court, which was denied on that same date. (Ex. M to ECF No. 20-5.) Deutsche purchased the property at the sheriff sale for $100. (Ex. N to ECF No. 20-5.) Plaintiffs, however, refused to vacate the property. (Ex. O to ECF No. 20-5.) Therefore, Deutsche filed a motion to evict them in Superior Court. (*Id.*) In response, on October 17, 2018, Plaintiffs filed an emergency motion to stay eviction based on the pendency of this matter. (*Id.*) Whether Plaintiffs have been evicted is unknown.

On August 10, 2018, Defendants filed a Motion to Dismiss before this Court. (ECF No. 6.) In response, Plaintiffs requested permission to file an Amended Complaint. (ECF No. 9.) The Court granted Plaintiffs' request to file an amended complaint on October 18, 2018. (ECF No. 10.) On December 14, 2018, Plaintiffs filed their Amended Complaint alleging: (1) RICO violations; (2) violations of the New Jersey Consumer Fraud Act ("NJCFA"); (3) violations of the Federal Fair Debt Collection Practices Act ("FDCPA"); (4) unjust enrichment; (5) negligent misrepresentation; (6) unclean hands; (7) fraudulent concealment; (8) constructive fraud; (9) civil aiding and abetting fraud; (10) willful and wanton gross negligence; (11) civil conspiracy to defraud; (12) unlawful conversion; (13) breach of contract; (14) defamation; (15) violations of Truth in Lending Act ("TILA") and RESPA; and (16) quiet title. (ECF No. 19.) In essence, Plaintiffs' Amended Complaint is yet another attempt at relitigating and nullifying the Foreclosure Action and an attempt to stay in their home. For example, Plaintiffs allege the following:

- "The loan disclosure documents given contain fraud due to failure to consummate the agreements, lack of full disclosure, notary misconduct, and having unclear concealed information and

4

- misrepresentations that hid relevant and material facts about the terms and conditions of the loan transaction." (ECF No. 19 ¶ 9.)

- "The Defendants did not disclose to the said borrower the disparate conditions by which the funding of the allege-loan is done when comparing it with the conditions of a loan according to the understanding of the least or unsophisticated consumer standard or a reasonable consumer standard." (*Id.* ¶ 10.)

- "The disclosure violations and attempt at fraud by the Defendants(s) create and give Plaintiff the right to claims for the mortgage and note subject to this transaction being null and void." (*Id.* ¶ 12.)

- "The Plaintiff is without consenting to the contract creating the allege-debt due to being without full disclosure of the relevant terms and conditions of the funding of the loan." (*Id.* ¶ 13.)

- "Here Plaintiff in a foreclosure process and sale date and judicial proceeding in which Defendant(s) obtains Orders in its favor, but which orders and judgments are void for fraud on the court committed an improper sheriff sale to the detriment of Plaintiff." (*Id.* ¶ 36.)

- "In previous actions, which orders and judgments are void for wrongdoings, the Defendant(s) was without and continue to be without showing proper evidence on record that Defendant, has proper standing to sue and foreclose, but initialed a foreclosure process froth with defects and errors, yet still intend to sell Plaintiff's home, and if allowed foreclose and evict Plaintiff from his home creating the need to overturn/stay the said foreclosure process and. or any sale and stay/prevent any alleged Foreclosure Auction/Sale." (*Id.* ¶ 43.)

- "Therefore, because of the above and below fatal issues and error the alleged foreclosing party(s) and debt collector(s) in this matter have no legitimate rights to the property or collection of a debt, ye the Plaintiff has legitimate possessory rights to the subject property." (*Id.* ¶ 47.)

- "Defendants carried Plaintiffs . . . through the loan finalizing procedures and concealed relevant information from the Plaintiff when finalizing. This led to a loan that needs to not have actually been done. Resulting in foreclosure of the state loans and Plaintiffs property." (*Id.* ¶ 53.)

On December 28, 2018, Defendants filed a Motion to Dismiss the Amended Complaint. (ECF No. 20.) Plaintiffs oppose the Motion. (ECF No. 23.)

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(1)

When a defendant moves to dismiss a claim for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must determine whether defendant is making a "facial or factual challenge to the court's subject matter jurisdiction." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Under a facial attack, the movant challenges the legal sufficiency of the claim, and the court considers only "the allegations of the complaint and documents referenced therein and attached thereto in the light most favorable to the plaintiff." *Gould Elecs.*, 220 F.3d at 176; *Mortensen*, 549 F.2d at 891 ("The facial attack does offer similar safeguards to the plaintiff [as a 12(b)(6) motion]: the court must consider the allegations of the complaint as true."). The Court "may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction." *D.G. v. Somerset Hills Sch. Dist.*, 559 F. Supp. 2d 484, 491 (D.N.J. 2008) (citing *Cardio–Medical Assoc., Ltd. v. Crozer–Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983)).

Under a factual attack, however, the challenge is to the trial court's "very power to hear the case." *Mortensen*, 549 F.2d at 891. Thus:

> [T]here is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Id.* Moreover, in a factual attack, "the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Gould Elecs.*, 220 F.3d at 178.

Regardless of the analysis, the plaintiff bears the burden of demonstrating the existence of subject matter jurisdiction. *See McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006); *Lightfoot v. United States*, 564 F.3d 625, 627 (3d Cir. 2009) (citing *Carpet Grp. Int'l v. Oriental Rug Importers Ass'n*, 227 F.3d 62, 69 (3d Cir. 2000)).

Here, Defendants are asserting a facial 12(b)(1) challenge because they assert Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine. (ECF No. 9-1.) The Court, therefore, accepts the allegations in the Complaint as true.

### B. Federal Rule of Civil Procedure 12(b)(6)

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

While as a general rule, a court many not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to 12(b)(6), the Third Circuit has held "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant under Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d at 287. Specifically, courts may consider any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426.

## III. DECISION

Defendants argue Plaintiffs' claims are an effort to challenge the Superior Court's decision in the Foreclosure Action. (*See* ECF No. 20-3 at 11-13.) Plaintiffs contend "[a]lthough the facts of the Foreclosure case were submitted for reference, the claims do not allege injuries arising from the state-court action itself, rather each claim was from actions taken by Defendants outside of or subsequent to the Foreclosure actions. Accordingly, the *Rooker-Felman* doctrine does not bar plaintiff's complaint." (ECF No. 23 at 5.)

Pursuant to *Rooker-Feldman*, federal district courts lack subject matter jurisdiction to review and reverse state court judgments. *In re Knapper*, 407 F.3d 573, 580 (3rd Cir. 2005). *Rooker–Feldman* serves to bar a claim when: (1) the federal claim was actually litigated in state court before the plaintiff filed the federal action or, (2) "if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong." *Id.* The Third Circuit has held a federal claim is "inextricably intertwined" with an issue adjudicated by a state court when: "(1) the federal court must determine . . . the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment." *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (quoting *Walker v. Horn*, 385 F.3d 321, 330 (3d Cir. 2004)). Significantly,

> [f]our requirements must be met for the [*Rooker-Feldman*] doctrine to apply: (1) the plaintiff lost in state court; (2) the plaintiff complains of injury caused by the state court judgment; (3) the state court judgment was rendered before the federal suit was filed; and (4) the plaintiff invites the district court to review and reject the state court judgment.

*Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49, 50–51 (3d Cir. 2013) (citing *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010)). Where, on the other hand, the federal plaintiff presents "some independent claim, albeit one that denies a legal conclusion that a state court has reached," the doctrine does not apply. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005), quoted in *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 547–48 (3d Cir. 2006). In such an instance, jurisdiction is confirmed and the court should then consider "whether the defendant prevails under principles of preclusion." *Exxon Mobil*, 544 U.S. at 292.

The *Rooker-Feldman* doctrine "is a narrow doctrine that applies only in limited circumstances." *Shibles v. Bank of Am., N.A.*, No. 17-2386, 2018 WL 1448670, at *2 (3d Cir. Mar. 23, 2018) (citations omitted); *In re Philadelphia Entm't & Dev. Partners*, 879 F.3d 492, 499 (3d Cir. 2018) ("[F]ederal courts had been applying the *Rooker-Feldman* doctrine too broadly and consequently it clarified that the doctrine is confined to 'limited circumstances' where 'state-court losers complain[] of injuries caused by state-court judgments rendered before the district court proceedings commend and invit[e] district court review and rejection of those judgments.") (citation omitted). The four requirements "must be met for the doctrine to apply." *Gage*, 521 F. App'x at 50–51.

This Court finds all factors of the doctrine are satisfied, as final judgment was entered in the Foreclosure Action against Plaintiffs on September 23, 2016, prior to the initiation of this action in federal court. (Ex. I to ECF No. 20-5.) Evidenced by the bullet points above, and contrary to Plaintiffs' argument, Plaintiffs' Amended Complaint is replete with allegations of injuries that caused the events leading up to, during, and including the Foreclosure Action and invites the Court to review, reject, and void the Foreclosure Action. In fact, Plaintiffs' Amended Complaint openly

states, "[t]he disclosure violations and attempt at fraud by the Defendants(s) create and give Plaintiff the right to claims for the mortgage and note subject to this transaction being null and void." (ECF No. 19 ¶ 12.)

This Court is prohibited by the *Rooker-Feldman* doctrine from providing relief that would reverse the decisions, directly or indirectly invalidate the determinations, prevent the enforcement of the orders, or void the rulings, orders, or judgments issued by the Superior Court in the Foreclosure Action. *See Jacobsen v. Citi Mortg. Inc.*, 715 F. App'x 222, 223 (3d Cir. 2018) (upholding dismissal of the claims brought in connection with a state foreclosure action as being barred by the *Rooker-Feldman* doctrine), *pet. for reh's & reh'g en banc denied*, No. 17-3267 (3d Cir. Apr. 30, 2018). This is true even if Plaintiffs have asserted federal claims in the Federal Action. *See Todd v. U.S. Bank Nat'l Ass'n*, 685 F. App'x 103, 105-06 (3d Cir. 2017) (upholding dismissal of the claims that were brought in connection with a state foreclosure action pursuant to the *Rooker-Feldman* doctrine, even though the plaintiff therein asserted claims under the FDCPA), *pet. for reh'g & reh'g en banc denied*, Nos. 16-1126 & 16-1255 (3d Cir. May 18, 2017), *cert. denied*, 138 S. Ct. 449 (2017).

In their opposition, Plaintiffs rely on *Puche v. Wells Fargo NA*, 256 F. Supp. 3d 540, 546 (D.N.J. 2017), *appeal dismissed sub nom.*, No. 17-2595, 2017 WL 7036523 (3d Cir. Nov. 30, 2017), for the proposition that the *Rooker-Feldman* doctrine is inapplicable to RESPA and contractual duty of good faith and fair dealing claims because those claims are do not attack the validity of the Foreclosure Action. (ECF No. 23 at 5.) Here, the Amended Complaint does not assert a claim for breach of good faith and fair dealing. (*See* ECF No. 19.) As such, no claim exists to be barred by the *Rooker-Feldman* doctrine.

Second, while Plaintiffs seek an award of monetary damages and contend they are not attacking the validity of the Foreclosure Action in their RESPA claim, this contention does not preclude the application of the *Rooker-Feldman* doctrine. Plaintiffs' RESPA claim, much like all their other claims, is an implicit and indirect attack on the Foreclosure Action, and therefore the *Rooker-Feldman* doctrine is applicable regardless of the relief or claim allegedly asserted. *See Duffy v. Wells Fargo Bank, N.A.*, No. 16-4453, 2017 WL 2364196, at *5 (D.N.J. May 31, 2017); *Andrew v. Ivanhoe Fin., Inc.*, No. 07-729, 2008 WL 2265287, at *7 (E.D. Pa. May 30, 2008); *see also Byrd v. Homecomings Fin. Network*, 407 F. Supp. 2d. 937, 943-44 (N.D. Ill. 2005) (holding the *Rooker-Feldman* doctrine barred mortgagor's RESPA and TILA claims, which sought to collaterally attack the state court's mortgage foreclosure judgment). Irrespective of how the Plaintiffs label their claims or how they attempt to disguise their opposition or Amended Complaint, their Amended Complaint is clearly the prototypical *Rooker-Feldman* situation—a case brought by a state-court loser complaining of injuries caused by the Foreclosure Action rendered before this Court proceedings commenced and asking the district court to review, reject, and nullify those judgments. Therefore, Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine.

The Court also holds that, to the extent the RESPA claim is not barred by the *Rooker-Feldman* doctrine, it fails to state a claim upon which relief may be granted pursuant to 12(b)(6), since it is brought by the unknown plaintiff "Drake" and against the unknown defendant "WFB."[1]

---

[1] Notably, Counts One (RICO Violations), Two (violation of the NJCFA), Three (FDCPA), Eleven (Civil Conspiracy), Twelve (Unlawful Conversion), Fourteen (Defamation), and Fifteen (Violation of TILA and RESPA) also fail to state a claim because they were either brought by a plaintiff or against a defendant not a party to this matter.

The Court finds *Rooker-Feldman* bars Plaintiffs' claims, and the Court lacks subject matter jurisdiction over the claims. Accordingly, Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) is **GRANTED**. Because the Court does not have subject matter jurisdiction over Plaintiffs' claims, it cannot reach the merits of their claims. *Larsen v. Senate of the Commw.*, 152 F.3d 240, 245 (3d Cir. 1998) ("A court that is without proper jurisdiction cannot proceed at all, and must merely note the jurisdictional defect and dismiss the suit.")

**IV. CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) is **GRANTED** and the claims against them are **DISMISSED**.

Date: July 31, 2019

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**